Therefore, IT IS ORDERED that the Opinion and Award shall be AMENDED as follows:
Finding of Fact #11 is added and shall read as follows:
"11. There are no provisions under the Workers' Compensation Act that authorizes interest on attorney fees to be awarded to plaintiff's attorney and Daniel S. Walden does not seek interest on his fee. Defendant is not entitled to interest earned on money held for the benefit of another person."
Conclusion of Law #5 is added and shall read as follows:
"5. Plaintiff is entitled to interest earned on the $22,500.00 held by Liberty Mutual since July 29, 1994."
Paragraph #2 of the Order is amended and shall now read as follows:
"2. IT IS FURTHER ORDERED that the actual interest earned by Liberty Mutual on said $22,500.00 (the unpaid portion of the Award) held by Liberty Mutual since entry of the Order Approving Compromise Settlement Agreement on July 29, 1994 shall be paid to plaintiff pursuant to N.C. Gen. Stat. § 97-86.2. If Liberty Mutual cannot provide sufficient proof to the Industrial Commission, within 15 days of the filed date of this Order, of the actual interest earned on said money, Liberty Mutual shall pay to plaintiff interest at the legal rate of eight percent (8%) from July 29, 1994."
Except as amended, the Opinion and Award filed March 19, 1996 shall remain in full force and effect.
No costs are assessed at this time.
 S/ ________________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ _____________________ THOMAS J. BOLCH COMMISSIONER
DISSENTING:
S/ _____________________ J. RANDOLPH WARD COMMISSIONER
BSB:md